IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Benikie Lattimore, | Civil Action No. 2:18-cv-02976-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | |
| Defendant. | |

This action arises from Plaintiff Benikie Lattimore's application to the Social Security Administration seeking disability insurance benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") recommending that the court reverse the Commissioner's decision and remand the case because it is unclear "whether the ALJ's decision is supported by substantial evidence." (ECF No. 14 at 19.) For the following reasons, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 14), **REVERSES** the final decision of the Commissioner, and **REMANDS** this action for further administrative proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 14 at 1–3.) Plaintiff applied for DIB in April 2015, claiming a disability onset date of January 31, 2015, which coincides with a motor vehicle accident that caused Plaintiff's alleged disability. (*Id.* at 1–2 (citing ECF Nos. 8-2 at 38, 62; 8-3 at 3, 17.)) Specifically, Plaintiff suffered injuries to her "back and neck; left hip pelvic fractures; retrograde left femoral nail; right calcaneal fractures; bilateral femur fractures; left arm and leg lacerations,

1

L1 right scaphoid fracture; and right foot with tingling numbness with pins and rods in femur." (*Id.* (citing ECF No. 8-3 at 3, 17).) The Social Security Administration denied Plaintiff's initial application and her subsequent request for reconsideration. (*Id.* at 2 (citing ECF Nos. 8-2 at 38; 8-3 at 2, 16).) Plaintiff appeared before an Administrative Law Judge ("ALJ") in July 2015 seeking a review of her application. (*Id.* (citing ECF No. 8-2 at 53–80).) The ALJ issued an "Unfavorable Decision" that denied Plaintiff's DIB request. (*Id.* (citing ECF No. 8-2 at 35).) The ALJ's findings of fact and conclusions of law are provided as follows:

> The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> The claimant has not engaged in substantial gainful activity since January 31, 2015, the alleged onset date (20 C.F.R. § 404.1571, *et seq*.).
>
> The claimant has the following severe impairments: status-post traumatic fractures and reconstructions of lower extremities, degenerative joint disease in left hip and right heel, status-post right great claw toe correction and obesity (20 C.F.R. § 404.1520(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity ['RFC'] to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except frequent pushing/pulling with lower extremities, including but not limited to use of foot controls; never climbing ladders/ropes/stairs, kneeling or crawling and occasional climbing stairs/ramps, balancing, stooping and crouching. She cannot have any exposure to hazards such as unprotected heights or dangerous moving machinery.
>
> The claimant is capable of performing past relevant work as a Secretary, []. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565).
>
> The claimant has not been under a disability, as defined in the Social Security Act, from January 31, 2015, through the date of this decision (20 C.F.R. § 404.1520(g)).

(*Id.* at 2–3 (citing ECF No. 8-2 at 40–46) (internal citations omitted).) The Appeals Council denied

Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* at 2 (citing ECF No. 8-2 at 2–4).)

Plaintiff filed a Complaint on November 2, 2018. (ECF No. 1.) The Commissioner filed the administrative record on March 26, 2019. (ECF No. 8.) Plaintiff filed a brief on April 25, 2019, claiming that: (1) " the ALJ erred at step four of the sequential analysis by concluding that Plaintiff was capable of performing her past relevant work as a secretary without first assessing the physical and mental demands of that job in relation to Plaintiff's residual functional capacity"; and (2) "the Appeals Council erred in refusing to consider new, material evidence submitted by Plaintiff in support of her appeal." (ECF No. 14 at 5 (citing ECF No. 10 at 18–20, 20–26).) In a brief filed on June 4, 2019, the Commissioner contends that the ALJ's findings are supported by substantial evidence and without error (ECF No. 11), to which Plaintiff filed a timely response brief on June 17, 2019 (ECF No. 12).

The Magistrate Judge issued a Report on January 31, 2020, recommending that this court reverse the Commissioner's final decision and remand this action for a new administrative hearing because "the Appeals Council's failure to consider certain new evidence ultimately warrants remand regardless of the ALJ's determination at step four." (ECF No. 14 at 11.) The Commissioner timely filed Objections to the Report on February 12, 2020 (ECF No. 15), and Plaintiff filed a Reply opposing the Commissioner's objections on February 26, 2020 (ECF No. 16).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains

3

with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id*.

### III. DISCUSSION

The Commissioner essentially proffers one objection to the Magistrate Judge's Report: "In order to have new evidence exhibited and considered at the Appeals Council level, the claimant must (1) demonstrate 'good cause' for the failure to submit the evidence in question at least five (5) days prior to the ALJ's decision pursuant to 20 C.F.R. § 404.953"; and (2) "show a 'reasonable probability of a different outcome[,]' [which] Plaintiff did not make . . . to the Appeals Council." (ECF No. 15 at 2.) The Report provides the new regulation that the Magistrate Judge relied on in concluding that this action should be reversed and remanded:

> Effective January 1, 2017, the regulation governing the Appeals Council's consideration of new evidence was amended as follows:
>
> (a) The Appeals Council will review a case if—
>
> . . .

4

> (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.
>
> (b) The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because:
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>
> (ii) There was a death or serious illness in your immediate family;
>
> (iii) Important records were destroyed or damaged by fire or other accidental cause;
>
> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or
>
> (v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

(ECF No. 14 at 11–12 (citing 20 C.F.R. § 404.970 (2017).)

Here, the Magistrate Judge reasoned that, because the Appeals Council failed to consider certain new evidence, the first issue raised by Plaintiff regarding the ALJ's RFC assessment "need not be decide[d] . . . today." (*Id* at 11.) The court agrees. The regulation includes two requirements for a claimant to meet when presenting new evidence for the first time to the Appeals Council: (1) (1) the claimant must demonstrate good cause for the failure to submit the evidence in question at least five (5) days prior to the ALJ's decision pursuant to 20 C.F.R. § 404.953; and (2) the claimant must show a reasonable probability of a different outcome. (*Id.* at 12.) Notably, the Magistrate

5

Judge observed that:

> The Commissioner does not appear to contest that Dr. [Anthony] Sanchez's opinion reflects new, material evidence, or that there is a reasonable probability such evidence could change the outcome of the ALJ's decision. Rather, the Commissioner argues that Plaintiff failed to establish 'good cause' and, thus, the Appeals Council properly refused to consider the late evidence as part of Plaintiff's case.

(*Id.* at 14 (citing ECF No. 11 at 14).)

As to the issue of "good cause," the Magistrate Judge found that "Plaintiff requested review with the Appeals Council on December 27, 2017, [and] [o]n January 12, 2018, the Appeals Council issued a letter granting Plaintiff's request for more time before the Appeals Council acted on her case." (*Id.* (citing ECF Nos. 8-2 at 25–26; 8-4 at 67–68) (internal citations omitted).) Plaintiff followed through by providing the Appeals Council with an updated Disability Report and three opinions from treating sources, including a medical opinion from Dr. Sanchez. (*Id.* at 13 (citing ECF No. 8-2 at 9, 12, 14, 16–23 (internal citations omitted).) The court is unpersuaded by the Commissioner's narrow assertion that the delay in providing these records is outside the scope of the regulations. (ECF No. 15 at 2–3.) "If a new representative can show that a prior representative did not adequately uphold his or her duty to the claimant, we expect that our adjudicators would find that this would warrant an exception to the 5-day requirement." (ECF No. 14 at 18 (citing 81 Fed. Reg. 45079, 45082 (July 12, 2016); 81 Fed. Reg. 90987, 90990–91).) As the Magistrate Judge observed, Plaintiff's initial counsel did not submit any opinions from her treating physicians for the ALJ's consideration and therefore "did not adequately uphold his or her duty to the claimant," and consequently, there is good cause for Plaintiff's delay in providing these treating physician opinions. (*Id.*) Consequently, the court finds that Plaintiff has shown good cause.

As to whether there is a reasonable probability of a different outcome, the court finds that Plaintiff met this requirement as well. The Report provides Dr. Sanchez's opinion, as follows:

6

> I first saw Benikie Lattimore on 6/21/17, and I last saw her on 9/20/17. Dr. Broderick sent her to me because she had developed hip arthritis due to her others [sic] fractures. Imaging of her hip shows that her fractures have healed but the cartilage space is now narrowed so that she has bone on bone arthritis in her hip. She is developing osteophytes and cystic changes in her hip related to her fractures. Her hip problem evolved somewhere between the time of her accident and the first time I saw her. She had a hip injection that provided her with some temporary relief, and that was about 6 months before she saw me.
>
> Ms. Lattimore will need a hip replacement, and we are doing that on 4/18/18. The first stage was taking the rod out of the femur to make room for the hip replacement. At the next stage, we will remove the hardware that is currently in her hip and then replace her hip during the same surgery.
>
> Due to her hip problems, Ms. Lattimore would not be able to maintain any one position for long. She would be limited to a sedentary job, but she would not be able to sit long enough to do a sit-down job. It is most probable she would be able to sit no more than 2 hours total out of an 8-hour workday. She would only be able to sit for 15–20 minutes at a time at a maximum. Even then, she would experience interruptions to concentration sufficient to frequently interrupt tasks through the workday. She has had these limitations since at least 1/17, but it is possible she had these limitations since the time of her accident. She is also seeing Dr. Rodriguez about her back pain, and her back pain also could contribute to causing her pain with prolonged sitting. Of course, we do not yet know how long it will take her to recover from the hip repayment surgery or what her chronic limitations will be in relation to her hip.

(*Id.* at 13–14 (citing 8-2 at 14).)

Here, Plaintiff's medical records did not contain any treating physician opinions in the record when the ALJ issued the decision. The regulations state that "[s]pecial consideration is to be given to the opinions of treating physicians of the claimant, based on the view that 'these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)" that might "bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.'" *Jeter v. Berryhill*, No. 2:17-CV-03029-RMG-MGB, 2018 WL 5314740, at *6 (D.S.C. Oct. 12, 2018); 20 C.F.R. § 404.1527(c)(2)). Consequently, as a treating physician, Dr. Sanchez's opinion, which

notes Plaintiff's specific functional limits, is entitled to "special consideration" under the regulations. Indeed, the Magistrate Judge correctly determined that "[b]ecause no factfinder has made any findings as to Dr. Sanchez's opinion, or attempted to reconcile his updated treatment of Plaintiff with the other evidence in the record, the undersigned finds that there is a reasonable probability Plaintiff's new evidence would change the outcome of the ALJ's decision, and should therefore be considered." (ECF No. 14 at 16 (citations omitted).) Therefore, the court finds that Plaintiff has shown that Dr. Sanchez's opinion could reasonably lead to a different outcome in the ALJ's assessment.

## IV. CONCLUSION

For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 14), **REVERSES** the final decision of the Commissioner, and **REMANDS** this action for further administrative proceedings to address the deficiencies outlined in this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 19, 2020
Columbia, South Carolina